**RHONE–POULENC S.A. et al.,**
**Appellants,**

v.

**C. Marshall DANN, Commissioner of**
**Patents, Appellee.**

No. 74–1136.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 2, 1974.

Decided Dec. 3, 1974.

See also U.S.Cust. & Pat.App., 499
F.2d 1289.

Ellsworth H. Mosher, Arlington, Va.
(Charles A. Wendel, Arlington, Va., on
brief), for appellants.

Fred W. McKelvey, Associate Sol. (Joseph F. Nakamura, Sol., on brief), for
appellee.

Before HAYNSWORTH, Chief Judge,
and RUSSELL and FIELD, Circuit
Judges.

PER CURIAM:

Rhone-Poulenc is a French corporation which, along with several scientists,
is seeking to patent a new process for
preparing a known antibiotic drug, daunorubicin. The Primary Examiner determined that all claims in the application, Serial No. 775,904, are allowable
but objected to the application because
of the presence of certain words in the
specification. The paragraph containing
the disputed phrase reads as follows:

> *S. griseus, var. rubidofaciens, strain*
> *DS 32,041* differs from the species
> distinguished by S. A. Waksman within the series of the strains of *S. griseus,* of which none of those hitherto
> described gives a soluble red pigment
> comparable to that produced by the
> strain DS 32,041 nor gives any production of antibiotic and anti-tumour
> substance identical to daunorubicin
> \* \* \* .

Specifically, the Primary Examiner objected to the words "and anti-tumour"
and required either "cancellation of said
term or proof that the instant compound
is safe, reliable and effective for the
utility set forth \* \* \* ." Considerable evidence was adduced, which the

Commissioner concedes is sufficient to support a conclusion that daunorubicin has an anti-tumour effect in treating certain tumors, namely lymphosarcoma, nephroblastoma, neuroblastoma, acute lymphoblastic leukemia, and acute myeloblastic leukemia. The Primary Examiner adhered to his requirement that the phrase be stricken because it was broader than the proof offered in support. The applicants sought review in the Patent Office and ultimately in the District Court, which sustained the cancellation requirement.

The Commissioner is granted authority to restrict the specification so that it is not overbroad. Indeed,

> [t]he specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

35 U.S.C.A. § 112. The Commissioner has gone beyond his interpretation of the disputed words, however, to reject amending language that would restrict the assertion to those uses supported by the proof. It is suggested that such an amendment would be "new matter," the introduction of which is precluded by 35 U.S.C.A. § 132. We do not view such words of limitation as new matter. "Amendments to specifications for the purpose of clarity and definiteness are permissible." Helms Products, Inc. v. Lake Shore Manufacturing Co., 7 Cir., 227 F.2d 677, 679. *See also* Aerosol Research Co. v. Scovill Manufacturing Co., 7 Cir., 334 F.2d 751.

We therefore conclude that the cancellation of the words "and anti-tumour" by the Patent Office was arbitrary and capricious and reverse the decision of the District Court. The cancellation requirement is set aside with leave to the Commissioner to allow an amendment restricting the specification to assertions that are supported by the applicants' proof.[1]

Reversed and remanded.